IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. MOYER,

    Petitioner,                    No. CIV S-03-1719 DFL GGH P

    vs.

JOE McGRATH, et al.,

    Respondents.               ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1994 conviction for first degree murder with special circumstances (financial gain). Cal. Penal Code §§ 187, 190.2(a)(1). Petitioner was also convicted of one count of conspiracy to commit murder and insurance fraud and attempted escape. Cal. Penal Code §§ 182, 187, 550 (insurance fraud), 667, 4532 (attempted escape). Petitioner is serving a sentence of life without the possibility of parole.

        This action was originally filed in the United States District Court for the Northern District of California on July 14, 2003. This action is proceeding on the amended petition filed November 12, 2004. Petitioner raises claims of jury instruction error and ineffective assistance of counsel based on counsel's 1) lack of preparation; 2) alcohol abuse; and 3) criminal conduct. In the answer filed March 11, 2005, respondent argues, in part, that this

1

action is barred by the statute of limitations.  Petitioner did not file a traverse.  After considering the record, the court finds that further briefing is required regarding the issue of equitable tolling.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on March 11, 1997, ninety days after the California Supreme Court denied petitioner's petition for review on December 11, 1996. Petitioner's Exhibit 18; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999)("hold[ing] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition.").  Petitioner had until March 11, 1998, to file a timely federal petition.  The instant action, filed July 14, 2003, is not timely, unless tolling ms it so.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The court

1  now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

2          On December 10, 1997, petitioner filed a pro per petition for writ of habeas
3  corpus in El Dorado County Superior Court. Petitioner's Exhibit 19. This petition alleged
4  ineffective assistance of counsel based on counsel's failure to adequately prepare for trial. On
5  December 31, 1997, the Superior Court appointed attorney James Clark to represent petitioner in
6  this proceeding. Petitioner's Exhibit 20. On February 10, 1998, the Superior Court denied the
7  petition. Petitioner's Exhibit 22.

8          On March 10, 1998, a hearing was held in El Dorado Superior Court. Petitioner's
9  Exhibit 23. Petitioner was represented by Mr. Clark. Id. At this hearing, the court stated that
10 approximately two weeks earlier it had met with petitioner's trial counsel. Id. During this
11 meeting, petitioner's trial counsel told the court that during trial he had consumed a pitcher of
12 margaritas at lunch. Id. The court told Mr. Clark that he would authorize Mr. Clark to conduct
13 an investigation into this matter. Id. The court told Mr. Clark that he would continue to
14 represent petitioner. Id. The court also discussed with Mr. Clark that he could file an appeal of
15 the February 10, 1998, order denying the habeas petition. Id.

16         On August 31, 1998, the superior court issued an order relieving Mr. Clark and
17 appointing Mr. Mason to represent petitioner. Petitioner's Exhibit 24. Apparently no further
18 action was taken in this matter until June 20, 2000, when the superior court issued an order
19 relieving Mr. Mason and appointing Mr. Bigelow to represent petitioner. Petitioner's Exhibit 25.

20         On March 18, 2002, petitioner himself filed a habeas corpus petition in the
21 California Court of Appeal. Petitioner's Exhibit 28. In this petition, petitioner complained about
22 the conduct of the attorneys appointed to represent him in his state habeas action. Id. On April
23 4, 2002, the California Court of Appeal denied the petition without comment or citation.
24 Petitioner's Exhibit 29.

25         On April 24, 2002, petitioner himself filed a habeas corpus petition in the El
26 Dorado Superior Court complaining about the conduct of Mr. Bigelow. Petitioner's Exhibit 30.

On May 22, 2002, the Superior Court denied the petition without prejudice, noting that the application was premature because Mr. Bigelow was "engaged in efforts on this case." Petitioner's Exhibit 31.

On June 12, 2002, Mr. Bigelow filed an amended petition on petitioner's behalf in the El Dorado County Superior Court. Petitioner's Exhibit 32. This petition alleged ineffective assistance of counsel on the grounds raised in the instant petition. Id. On June 28, 2002, the Superior Court denied the petition. Petitioner's Exhibit 33. The Superior Court denied the petition on three grounds. Id. First, the Superior Court found the petition to be untimely, citing In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th 750 (1993). The Superior Court also found that the claims should have been brought in petitioner's prior habeas petition, citing In re Clark, supra. Finally, the Superior Court denied the claims on grounds that they were conclusory and failed to state a prima facie claim for relief, citing People v. Duvall, 9 Cal.4th 464 (1994) and In re Swain, 34 Cal.2d 300 (1949).

On September 3, 2002, petitioner filed a pro per habeas corpus petition in the California Court of Appeal. Petitioner's Exhibit 34. This petition raised one claim: ineffective assistance of counsel. Id. On September 12, 2002, the California Court of Appeal summarily denied the petition. Petitioner's Exhibit 35.

On October 9, 2002, petitioner filed a pro per habeas corpus petition in the California Supreme Court, case No. S110542. Petitioner's Exhibit 36. The court only has the cover sheet of this petition. Id.

On October 10, 2002, petitioner filed a pro per habeas corpus petition in the El Dorado County Superior Court. The cover page to this petition is attached as exhibit 3 to the original petition filed in federal court July 14, 2003. On November 8, 2002, the superior court summarily denied this petition. A copy of the order by the Superior Court denying this petition is also attached as exhibit 3 to the original petition filed July 14, 2003. This order describes the claims raised:

1  The petitioner for writ of habeas corpus/summary judgment is denied for failure to
2  state a prima facie case for relief.  Even assuming arguendo that Attorneys Mike
   Bigelow and James Clark did not act diligently, petitioner has not shown that he is
3  entitled to prevail on the merits of his underling claim, i.e. the competence of
   Trial Attorney James Schenk.  For the reasons expressed in the order dated June
4  28, 2002 (attached hereto), that claim is barred due to untimeliness and lack of an
   adequate showing on the merits.  Petitioner's current petition has not remedied
5  those basic defects.

6  On June 12, 2003, petitioner filed another habeas corpus petition in the California

7  Supreme Court.  Petitioner's Exhibit 37.  This petition alleged that petitioner was not being

8  allowed to store his legal property.  Id.  From this circumstance, the court presumes that the

9  petition filed in the California Supreme Court on October 9, 2002, raised petitioner's ineffective

10 assistance of counsel claims as this was the only other habeas petition filed by petitioner in the

11 California Supreme Court.

12 On June 25, 2003, in separate orders, the California Supreme Court denied the

13 two pending habeas petitions.  Attached as petitioner's exhibit 38 are the docket entries from the

14 California Supreme Court denying these petitions.  The entry for case no. S110542, the petition

15 raising petitioner's ineffective assistance of counsel claims, states that the petition was denied

16 "with citation(s)."  Petitioner's Exhibit 38.  Attached as exhibit 3 to the original petition filed in

17 federal court on July 14, 2003, is a handwritten copy of the order by the California Supreme

18 Court denying this petition prepared by petitioner himself.  Petitioner has written on this copy

19 that he prepared it because he only had the original order, and apparently wanted to keep it for his

20 own records.  Petitioner's copy states that the petition was denied by the California Supreme

21 Court with a citation to In re Robbins, 18 Cal.4th 770 (1998).

22 The court will first consider tolling pursuant to 28 U.S.C. § 2254(d)(2) for

23 petitioner's ineffective assistance of counsel claims based on counsel's failure to adequately

24 prepare.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(the statute of limitations is tolled

25 under 28 U.S.C. § 2254(d)(2) during the time properly filed state post-conviction proceedings are

26 pending, and that tolling applies from the time the first state habeas petition is filed until the

5

California Supreme Court rejects the petitioner's final collateral challenge).

Petitioner raised this claim in his first state petition filed December 10, 1997, in Superior Court. This petition was filed within the one year limitations period. Petitioner did not apparently raise this claim again until he filed his first habeas corpus petition in the California Supreme Court on October 9, 2002. As discussed above, the California Supreme Court denied this petition as untimely. Therefore, petitioner is not entitled to tolling pursuant to § 2244(d)(2) for the approximately five year period between the denial of this claim by the Superior Court and the time he filed his petition in the California Supreme Court. Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807, 1812 (2005)("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."). Adding the time that this claim was pending in the Superior Court to the limitations period still renders this claim untimely.

The court next considers whether petitioner is entitled to statutory tolling for his ineffective of counsel claims based on counsel's drinking and criminal activities. The court finds that these claims are not timely if the limitations period for these claims ran from the time petitioner's conviction became final, § 2244(d)(2)(A), or if the limitations period ran from when petitioner apparently discovered the factual predicate of these claims, § 2244(d)(2)(D).

Assuming the limitations period for these claims ran from when petitioner's conviction became final, the court finds that petitioner is not entitled to interval tolling for the approximately 4 ½ years between the time he filed his first state habeas petition and the amended petition raising these claims. Therefore, these claims are not timely.

In Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003), the Ninth Circuit held that a state habeas applicant is not entitled to interval tolling when he abandons the claims in his first application. The applicant in Welch filed a first habeas application in California Superior Court in 1994 asserting ineffective assistance of counsel based on counsel's failure to advise him of the consequences of his plea. 350 F.3d at 1080. The application was denied shortly thereafter. Id. Four years later, he filed another application for state habeas relief with the California Supreme

1  Court.  Id.  This second petition alleged new grounds for relief: 1) involuntary plea; 2) counsel
2  was ineffective for letting petitioner enter a plea while he was under the influence of medication;
3  and 3) ineffective assistance of appellate counsel.  Id.  The completely different claims in the
4  second application, coupled with the four year delay led the Ninth Circuit to conclude that
5  petitioner had "abandoned" his first set of claims.  The Ninth Circuit held that there was no
6  application "pending" for purposes of § 2244(d)(2) during the interval between his first and
7  second applications.  Id. at 1083.  Therefore, the petitioner was not entitled to interval tolling for
8  the four year interval between applications.  Id.
9        In the instant case, petitioner's first state habeas petition raised an ineffective
10 assistance of counsel claim but not based on counsel's drinking or criminal activities.
11 Petitioner's second state habeas petition, filed 4 ½ years later, for the first time raised the
12 ineffective assistance of counsel claims based on counsel's drinking and criminal activities.
13 Pursuant to Welch, petitioner is not entitled to interval tolling.
14       Assuming that the limitations period for these ineffective assistance of counsel
15 claims did not begin to run until the time petitioner apparently discovered the factual basis for
16 them (i.e. the trial court's disclosure of his conversation with trial counsel at the March 10, 1998,
17 hearing), these claims are still not timely.   This is because petitioner's state habeas petitions
18 raising these claims were denied on grounds that they were untimely, making them not "properly
19 filed" within the meaning of § 2244(d)(2). Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807,
20 1812 (2005)("When a postconviction petition is untimely under state law, that [is] the end of the
21 matter for purposes of § 2244(d)(2).").
22       After reviewing the record, it appears that petitioner may be entitled to equitable
23 tolling based on the failure of his state habeas counsel to timely investigate and raise the
24 ineffective assistance of counsel claims regarding trial counsel's drinking and criminal conduct.[1]

---

[1] The court observes that petitioner himself wrote letters to his counsel, exhibit 26, and filed writs of habeas corpus either to have his habeas counsel removed or put into action by the

7

1  Accordingly, both parties are directed to file briefing addressing the issue of whether petitioner is
2  entitled to equitable tolling. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002)(petitioner
3  bears the burden of showing that equitable tolling is appropriate).[2]
4      Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this
5  order, petitioner shall file briefing addressing the issue of equitable tolling; respondent shall file a
6  reply briefing within thirty days thereafter.
7  DATED: 3/6/06

10      /s/ Gregory G. Hollows
11      GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE
12
13  ggh:kj
   moy1719.ord

---

23  court.

24  [2] If the court found that petitioner was entitled to equitable tolling as to his ineffective
25  assistance of counsel claims, petitioner's jury instruction error claim raised on direct appeal would be timely as well. See <u>Tillema v. Long</u>, 253 F.3d 494 (9th Cir. 2001) (AEDPA's limitation period is tolled during the pendency of a state application challenging the pertinent judgment,
26  even if the particular application does not include a claim later asserted in the federal petition).