1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH R. MOYER,

11            Petitioner,                    No. CIV S-03-1719 DFL GGH P

12       vs.

13   JOE McGRATH, et al.,

14            Respondents.             FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1994 conviction for first

18   degree murder with special circumstances (financial gain).  Cal. Penal Code §§ 187, 190.2(a)(1).

19   Petitioner was also convicted of one count of conspiracy to commit murder and insurance fraud

20   and attempted escape.  Cal. Penal Code §§ 182, 187, 550 (insurance fraud), 667, 4532 (attempted

21   escape).  Petitioner is serving a sentence of life without the possibility of parole.

22            This action was originally filed in the United States District Court for the

23   Northern District of California on July 14, 2003.  This action is proceeding on the amended

24   petition filed November 12, 2004.  Petitioner raises claims of jury instruction error and

25   ineffective assistance of counsel based on counsel's 1) lack of preparation; 2) alcohol abuse; and

26   3) criminal conduct.  In the answer filed March 11, 2005, respondent argues, in part, that this

1    action is barred by the statute of limitations.  Petitioner did not file a traverse.

2            On March 6, 2006, the court ordered the parties to file further briefing regarding

3    equitable tolling.  On April 4, 2005, petitioner filed further briefing.  On April 24, 2006,

4    respondent filed further briefing.  After carefully considering the record, the court recommends

5    that respondent's motion to dismiss on grounds that this action is barred by the statute of

6    limitations, contained in the answer, be denied.

7            The statute of limitations for federal habeas corpus petitions is set forth in 28

8    U.S.C. § 2244(d)(1):

9            A 1-year period of limitation shall apply to an application for a writ
             of habeas corpus by a person in custody pursuant to the judgment
10           of a State court.  The limitation period shall run from the latest of–

11           (A) the date on which the judgment became final by the conclusion
             of direct review or the expiration of the time for seeking such
12           review;

13           (B) the date on which the impediment to filing an application
             created by State action in violation of the Constitution or laws of
14           the United States is removed, if the applicant was prevented from
             filing by such State action;

15
             (C) the date on which the constitutional right asserted was initially
16           recognized by the Supreme Court, if the right has been newly
             recognized by the Supreme Court and made retroactively
17           applicable to cases on collateral review; or

18           (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due
19           diligence.

20           Petitioner's conviction became final on March 11, 1997, ninety days after the

21   California Supreme Court denied petitioner's petition for review on December 11, 1996.

22   Petitioner's Exhibit 18; Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("hold[ing] that

23   the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within

24   which a petitioner can file a petition for a writ of certiorari with the United States Supreme

25   Court, whether or not the petitioner actually files such a petition.").  Petitioner had until March

26   11, 1998, to file a timely federal petition.  The instant action, filed July 14, 2003, is not timely,

1   unless tolling makes it so.

2          Section 2244(d)(2) provides that the time during which a properly filed

3   application for State post-conviction or other collateral review with respect to the pertinent

4   judgment or claim is pending shall not be counted toward any period of limitation.  The court

5   now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

6          On December 10, 1997, petitioner filed a pro per petition for writ of habeas

7   corpus in El Dorado County Superior Court.  Petitioner's Exhibit 19.  This petition alleged

8   ineffective assistance of counsel based on counsel's failure to adequately prepare for trial.  On

9   December 31, 1997, the Superior Court appointed attorney James Clark to represent petitioner in

10  this proceeding.  Petitioner's Exhibit 20.  Mr. Clark had previously represented petitioner's

11  purported accomplice and co-defendant in the trial court proceedings.  Petitioner's Exhibit 5.  On

12  February 10, 1998, prior to Mr. Clark filing any petition, the Superior Court denied the pro se

13  petition.  Petitioner's Exhibit 22.

14         On March 10, 1998, a hearing was held in El Dorado Superior Court.[1]

15  Petitioner's Exhibit 23.  Mr. Clark appeared at the hearing.  Id.  At this hearing, the court stated

16  that approximately two weeks earlier it had met with petitioner's trial counsel.  Id.  During this

17  meeting, petitioner's trial counsel told the court that during trial he had consumed a pitcher of

18  margaritas at lunch.  Id.  The court told Mr. Clark that he would authorize Mr. Clark to continue

19  to represent petitioner and to conduct an investigation into this matter.  Id.  The court also

20  discussed with Mr. Clark that he could file an appeal of the February 10, 1998, order denying the

21  habeas petition.  Id.

22         On March 17, 1998, Mr. Clark wrote petitioner a letter stating that in petitioner's

23  case, he foresaw generating a bill in the range of $30,000 to $50,000.  Petitioner's Exhibit 26.

24

25         [1]  This hearing after decision probably occurred as a result of attorney Clark writing the
    court to ascertain his status as appointed counsel.  Clearly, it appeared that Clark had a conflict of
26  interest.

3

1    On August 31, 1998, the superior court issued an order relieving Mr. Clark and

2  appointing Mr. Mason to represent petitioner.  Petitioner's Exhibit 24.  On April 20, 1999, Mr.

3  Mason wrote a letter to the trial court stating that both he and his investigator were "poised" to

4  resume full case preparation on petitioner's writ, but that they had held off until payment of

5  delinquent accounts had been paid and Mr. Winston returned from vacation.  Petitioner's Exhibit

6  26.  In this letter Mr. Mason stated that his current reservations revolved around a "slashed

7  billing" in the Graham billing.  Id.  Mr. Mason told the trial court that he foresaw the fees and

8  costs for his services in petitioner's case to be between $30,000 and $50,000.  Id.

9    Apparently no further action was taken in this matter until June 20, 2000, when

10  the superior court issued an order relieving Mr. Mason and appointing Mr. Bigelow to represent

11  petitioner.  Petitioner's Exhibit 25.

12    On March 18, 2002, petitioner himself filed a habeas corpus petition in the

13  California Court of Appeal.  Petitioner's Exhibit 28.  In this petition, petitioner complained about

14  the conduct of the attorneys appointed to represent him in his state habeas action.  Id.  On April

15  4, 2002, the California Court of Appeal denied the petition without comment or citation.

16  Petitioner's Exhibit 29.

17    On April 24, 2002, petitioner himself filed a habeas corpus petition in the El

18  Dorado Superior Court complaining about the conduct of Mr. Bigelow.  Petitioner's Exhibit 30.

19  On May 22, 2002, the Superior Court denied the petition without prejudice, noting that the

20  application was premature because Mr. Bigelow was "engaged in efforts on this case."

21  Petitioner's Exhibit 31.

22    On June 12, 2002, Mr. Bigelow filed an amended petition on petitioner's behalf in

23  the El Dorado County Superior Court.  Petitioner's Exhibit 32.  This petition alleged ineffective

24  assistance of counsel on the grounds raised in the instant petition.  Id.  On June 28, 2002, the

25  Superior Court denied the petition on three grounds.  Petitioner's Exhibit 33.  First, the Superior

26  Court found the petition to be untimely, citing In re Robbins, 18 Cal.4th 770 (1998) and In re

4

Clark, 5 Cal.4th 750 (1993).  The Superior Court also found that the claims should have been

brought in petitioner's prior habeas petition, citing In re Clark, supra.  Finally, the Superior Court

denied the claims on grounds that they were conclusory and failed to state a prima facie claim for

relief, citing People v. Duvall, 9 Cal.4th 464 (1994) and In re Swain, 34 Cal.2d 300 (1949).

On September 3, 2002, petitioner filed a pro per habeas corpus petition in the

California Court of Appeal.  Petitioner's Exhibit 34.  This petition raised one claim: ineffective

assistance of trial counsel.  Id.  On September 12, 2002, the California Court of Appeal

summarily denied the petition.  Petitioner's Exhibit 35.

On October 9, 2002, petitioner filed a pro per habeas corpus petition in the

California Supreme Court, case No. S110542.  Petitioner's Exhibit 36.  The court only has the

cover sheet of this petition.  Id.

On October 10, 2002, petitioner filed a pro per habeas corpus petition in the El

Dorado County Superior Court.  The cover page to this petition is attached as exhibit 3 to the

original petition filed in federal court on July 14, 2003.  On November 8, 2002, the superior court

summarily denied this petition.  A copy of the order by the Superior Court denying this petition is

also attached as exhibit 3 to the original petition filed July 14, 2003.  This order describes the

claims raised:

> The petition for writ of habeas corpus/summary judgment is denied for failure to
> state a prima facie case for relief.  Even assuming arguendo that Attorneys Mike
> Bigelow and James Clark did not act diligently, petitioner has not shown that he is
> entitled to prevail on the merits of his underlying claim, i.e. the competence of
> Trial Attorney James Schenk.  For the reasons expressed in the order dated June
> 28, 2002 (attached hereto), that claim is barred due to untimeliness and lack of an
> adequate showing on the merits.  Petitioner's current petition has not remedied
> those basic defects.

On June 12, 2003, petitioner filed another habeas corpus petition in the California

Supreme Court.  Petitioner's Exhibit 37.  This petition alleged that petitioner was not being

allowed to store his legal property.  Id.  From this circumstance, the court presumes that the

petition filed in the California Supreme Court on October 9, 2002, raised petitioner's ineffective

5

1  assistance of counsel claims as this was the only other habeas petition filed by petitioner in the

2  California Supreme Court.

3          On June 25, 2003, in separate orders, the California Supreme Court denied the

4  two pending habeas petitions.  Attached as petitioner's exhibit 38 are the docket entries from the

5  California Supreme Court denying these petitions.  The entry for case no. S110542, the petition

6  raising petitioner's ineffective assistance of counsel claims, states that the petition was denied

7  "with citation(s)."  Petitioner's Exhibit 38.  Attached as exhibit 3 to the original petition filed in

8  federal court on July 14, 2003, is a handwritten copy of the order by the California Supreme

9  Court denying this petition prepared by petitioner himself.  Petitioner has written on this copy

10 that he prepared it because he only had the original order, and apparently wanted to keep it for his

11 own records.  Petitioner's copy states that the petition was denied by the California Supreme

12 Court with a citation to In re Robbins, 18 Cal.4th 770 (1998).

13         The court will first consider tolling pursuant to 28 U.S.C. § 2254(d)(2) for

14 petitioner's ineffective assistance of counsel claims based on counsel's failure to adequately

15 prepare.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (the statute of limitations is tolled

16 under 28 U.S.C. § 2254(d)(2) during the time properly filed state post-conviction proceedings are

17 pending, and that tolling applies from the time the first state habeas petition is filed until the

18 California Supreme Court rejects the petitioner's final collateral challenge).

19         Petitioner raised this claim in his first state petition filed December 10, 1997, in

20 Superior Court.  This petition was filed within the one year limitations period.  Petitioner did not

21 apparently raise this claim again until he filed his first habeas corpus petition in the California

22 Supreme Court on October 9, 2002.  As discussed above, the California Supreme Court denied

23 this petition as untimely.  Therefore, petitioner is not entitled to tolling pursuant to § 2244(d)(2)

24 for the approximately five year period between the denial of this claim by the Superior Court and

25 the time he filed his petition in the California Supreme Court.  Pace v. DiGuglielmo, ___ U.S.

26 ___, 125 S.Ct. 1807, 1812 (2005) ("When a postconviction petition is untimely under state law,

1 | that [is] the end of the matter for purposes of § 2244(d)(2).").  Adding the time that this claim

2 | was pending in the Superior Court to the limitations period still renders this claim untimely.

3 |         The court next considers whether petitioner is entitled to statutory tolling for his

4 | ineffective of counsel claims based on counsel's drinking and criminal activities.  The court finds

5 | that the limitations period for these claims ran from the March 10, 1998, hearing when petitioner

6 | apparently discovered the factual predicate of these claims, § 2244(d)(2)(D).  These claims are

7 | not timely because petitioner's state habeas petitions raising these claims were denied on grounds

8 | that they were untimely, making them not "properly filed" within the meaning of § 2244(d)(2).

9 | Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1812 (2005) ("When a postconviction

10 | petition is untimely under state law, that [is] the end of the matter for purposes of §

11 | 2244(d)(2).").

12 |         The court now considers whether petitioner is entitled to equitable tolling.  The

13 | one year statute of limitations for filing a habeas petition may be equitably tolled if

14 | "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

15 | time."  Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003), amended in other respects by

16 | 342 F.3d 898 (9th Cir. 2003).  The prisoner must show that the "extraordinary circumstances"

17 | were the cause of his untimeliness.  Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

18 | "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

19 | exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner

20 | "bears the burden of showing that this extraordinary exclusion should apply to him."  Id.

21 | Determining whether equitable tolling applies is a "fact-specific" inquiry.  Fry v. Hickman, 273

22 | F.3d 1144, 1146 (9th Cir. 2001).

23 |         Petitioner argues that he is entitled to equitable tolling for the lengthy period of

24 | time during which his efforts to secure habeas relief dragged on in state court.  Petitioner argues

25 | that after the March 10, 1998, hearing where the trial court signaled its willingness to consider a

26 | further habeas application on his behalf, he diligently and repeatedly undertook efforts to cause

1   his attorneys to investigate and present his state habeas petition.

2        Petitioner argues that his efforts were hindered by circumstances beyond his

3   control including 1) the court's appointment of Mr. Clark who, unbeknownst to petitioner at the

4   time, had a conflict of interest; 2) bureaucratic hindrances including the superior court's

5   appointment, termination, and re-appointment of Mr. Clark; 3) the temporary cessation of legal

6   services by Mr. Mason due to the court's/county's delinquency in paying for legal services; 4) the

7   failure of petitioner's appointed attorneys to file any petitions on petitioner's behalf despite

8   petitioner's repeated urging; and 5) the sheer bulk of the case and the consequent magnitude of

9   the task of preparing a cogent briefing setting forth the bases for post-conviction relief.

10        The Ninth Circuit has found that egregious attorney misconduct, i.e., not just mere

11   negligence, warrants equitable tolling. Spitsyn v. Moore, 345 F.3d 796, 799-800 (9th Cir. 2003).

12   Based on the record before it, the court cannot find that any of petitioner's counsel acted

13   egregiously.  Considering the volume of petitioner's record and the investigation required, each

14   counsel would have had to spend considerable time getting "up to speed" on petitioner's case.

15   The record contains no evidence indicating what work petitioner's counsel did nor did not do,

16   nor why Mr. Clark or Mr. Mason withdrew.  Moreover, it is possible that one or two of

17   petitioner's counsel acted diligently, and the other(s) did not.  For these reasons,  the court does

18   not find that petitioner is entitled to equitable tolling based on attorney misconduct.

19        However, it is clear that the delay in the filing of petitioner's federal habeas

20   petition was caused by other circumstances outside of his control, i.e., the appointment of three

21   different counsel to represent him in a complex state habeas action.  The decision by the Superior

22   Court to allow three different counsel to represent petitioner constitutes an extraordinary

23   circumstance which delayed the filing of his federal petition.  Had one counsel represented

24   petitioner, then the state habeas petition would have been filed much sooner.  Petitioner is

25   entitled to equitable tolling based on the actions of the Superior Court rather than counsel.

26   \\\\\

8

The court first considers equitable tolling as to petitioner's claims alleging ineffective assistance of counsel based on counsel's alcohol abuse and criminal conduct.  Clearly, petitioner is entitled to equitable tolling from the March 10, 1998, hearing, when the trial court informed Mr. Clark about trial counsel's drinking, to June 28, 2002, the date the Superior Court denied the habeas petition filed by Mr. Bigelow.  Because petitioner had to go on and exhaust his claims, the court would also find that he was entitled to equitable tolling for the remaining time it took him to present his claims to the California Court of Appeal and the California Supreme Court, i.e., from June 28, 2002, to June 25, 2003.  The trial court's decision to appoint three different attorneys to represent petitioner in his superior court petition also constituted an extraordinary circumstance which prevented petitioner from filing a timely federal petition in that it prevented petitioner from timely exhausting his claims.

While it is not clear from the record why the court initially appointed a conflict-laden counsel or made the substituted appointments, it may well have been done because the first two counsel, at least, were awaiting some type of answer from the court on their funding needs. Importantly, this is not a case where petitioner sat silent for three years despite the seeming inactivity of his counsel.  Petitioner wrote letters to counsel and to the court complaining about the lack of results from his various counsel.  He wrote pro se petitions to the courts complaining about the efforts of his counsel.  He was met with responses such as the court would not address his concerns because he was represented by counsel, or that "efforts" were still being made in his case.  As petitioner's present counsel rhetorically asks – what more could petitioner have done. Respondent answers – well, petitioner could have done all the work himself even though he was represented by appointed counsel.  Not only would such a pro se petition by a represented petitioner be improper (after all, look what happened to the petitions which were filed pro se), it imposes an inordinate burden on represented persons.  Finally, courts must do more than appoint counsel in proceedings and forget about it.  Some type of scheduling deadlines or monitoring should have been set up to keep even the slightest control over what was transpiring.  Petitioner

1    had no control over this complete lack of oversight.

2             Therefore, petitioner is entitled to equitable tolling from March 10, 1998, to June

3    25, 2003, for a total of 1936 days.

4             As discussed above, petitioner had one year from the March 10, 1998, hearing to

5    file a timely federal petition regarding these claims, i.e. until March 10, 1999.  Adding 1936 days

6    to March 10, 1999, would make petitioner's federal petition raising these claims due on June 27,

7    2004.  Therefore, these claims are timely.  Because these claims are timely, petitioner's

8    remaining claims are timely as well.  See Tillema v. Long, 253 F.3d 494 (9th Cir. 2001)

9    (AEDPA's limitation period is tolled during the pendency of a state application challenging the

10   pertinent judgment, even if the particular application does not include a claim later asserted in the

11   federal petition).

12            For the reasons discussed above, the court recommends that respondent's motion

13   to dismiss, contained in the answer, on grounds that this action is barred by the statute of

14   limitations be denied.

15            Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

16   dismiss on grounds that this action is barred by the statute of limitations, contained in the answer,

17   be denied.

18            These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within ten days after service of the objections.  The parties are advised

24   \\\\\

25   \\\\\

26   \\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 5/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

9  ggh:kj
   moy1719.eqtoll

11